**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**GARY W. CLARKSON,**

    **Petitioner,**

v.

**GUY HALL,**

    **Respondent.**

**Civil No. 03-1626-BR**

**OPINION AND ORDER**

**ANTHONY D. BORNSTEIN**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

**HARDY MYERS**
Attorney General
**DOUGLAS Y.S. PARK**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

## BACKGROUND

On March 8, 1996, a Multnomah County Circuit Court grand jury indicted Petitioner on two counts of Sodomy in the First Degree and three counts of Sexual Abuse in the First Degree. On September 3, 1996, after Petitioner waived the right to a jury, the trial judge conducted a bench trial.

The trial judge acquitted Petitioner of one count of Sodomy in the First Degree but convicted him on the remaining charges. The judge sentenced Petitioner to a total of 120 months of imprisonment. Petitioner directly appealed the conviction and sentence, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Clarkson*, 157 Or. App. 726, 972 P.2d 1227 (1998), *rev. denied*, 328 Or. 464, 987 P.2d 513 (1999).

Petitioner filed a petition for state post-conviction ("PCR") relief. Following an evidentiary hearing, the PCR trial judge denied the petition. On appeal, the Oregon Court of Appeals granted the state's motion for summary affirmance, and the Oregon Supreme Court denied review. Resp. Exh. 130.

On November 25, 2003, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Petitioner seeks relief on three claims of ineffective assistance of trial counsel[1]: (1) counsel failed to demonstrate for the court that the victim's mother coached her daughter's account of the facts; (2) counsel failed to obtain a medical expert to rebut the testimony of the state's expert witness; and (3) counsel failed to object, based on hearsay, to the viewing of the CARES videotaped interview by the trial judge. Respondent concedes Petitioner fully exhausted these claims for relief, but argues the PCR court's decision denying relief on the merits of these claims is entitled to deference, and that Petitioner is not entitled to habeas corpus relief in this Court.

## **LEGAL STANDARDS**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of

---

[1] In his Petition for Writ of Habeas Corpus, which Petitioner filed *pro se* prior to the appointment of counsel in this case, Petitioner alleged two additional grounds for relief. In his Memorandum of Law in Support of Petition for Writ of Habeas Corpus, however, Petitioner waived the additional claims.

the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 339-340 (2003).

A state court decision is "contrary to ... clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id*. at 410. The state court's application of clearly established law must be objectively unreasonable. *Id*. at 409.

## DISCUSSION

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show both (1) that his attorney's

4 - OPINION AND ORDER -

performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first part of this test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. While this burden is not insurmountable, there is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." *Id*. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

Petitioner argues his trial counsel provided constitutionally ineffective assistance of counsel in three respects: (1) he failed to demonstrate for the court that the victim's mother improperly coached her daughter's account of the facts; (2) he

failed to obtain a medical expert to rebut the testimony of the state's expert; and (3) he failed to object on hearsay grounds to the CARES video-taped interview with the victim.

After an evidentiary hearing on these claims, the state PCR trial judge issued a written "Memorandum of Opinion - Findings and Conclusions," in which he found, in pertinent part:

> According to the evidence before the court, defense counsel made a decision not to call [a] defense medical expert. Defense counsel had several pre-trial consultations with Dr. Sabin and based on such consultations with Dr. Sabin, defense counsel determined that she would not be able to provide helpful testimony and even if she did the prosecutor could elicit harmful testimony from her and according to [defense counsel] the matter was discussed with Petitioner who agreed it was a strategy not to call Dr. Sabin.

\* \* \*

**Conclusions of Law:**

\* \* \*

5. . . . [P]etitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the State of Oregon.

6. . . . Petitioner failed to demonstrate that any prejudice resulted from the issues raised.

7. Petitioner presented no evidence that would clearly have a tendency to affect the result of the prosecution.

8. Trial Counsel's advice concerning the jury trial waiver, and presentation of credibility issues, and other matters were within the scope of tactical choice.

9. Trial Counsel demonstrated reasonable professional skill and judgment.

10. Petitioner failed to present evidence of witnesses suggested to support Petitioner's contentions.

11. Trial Counsel's investigation and preparation, including witnesses and subpoenas was proper under the circumstances then existing, and within the scope of tactical choice, and within the bounds of the law. No prejudice was shown.

Resp. Exh. 122, pp. 2-4 (internal citations omitted).

Petitioner contends these findings are not entitled to deference because his trial counsel submitted an affidavit in the state PCR proceeding which contained a handwritten disclaimer: "I have not had the opportunity to compare the contents of this affidavit with my closed legal file and thus ensure the accuracy. This is my usual practice after receipt of the affidavit prepared by the Attorney General's office." Resp. Exh. 114, p. 3, ¶ 7. Accordingly, Petitioner contends the accuracy of the information contained in counsel's affidavit is suspect, and, therefore, Petitioner argues, the affidavit cannot support the PCR trial judge's findings of fact.

Petitioner does not, however, present any evidence that the information contained in trial counsel's affidavit is incorrect. As such, Petitioner does not rebut the presumption of correctness accorded the PCR trial judge's determination of factual issues under 28 U.S.C. § 2254(e)(1). Accordingly, Petitioner cannot show the PCR court's decision was based on an unreasonable

7 - OPINION AND ORDER -

determination of the evidence presented in the PCR proceeding. Because the PCR court's decision denying relief was not contrary to or an unreasonable application of controlling federal law, the decision is entitled to deference, and Petitioner is not entitled to federal habeas corpus relief.

## **CONCLUSION**

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this ___10th___ day of October, 2007.

                                ___/s/ Anna J. Brown___
                                   ANNA J. BROWN
                                   United States District Judge